IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees,<br><br>Plaintiffs,<br><br>vs.<br><br>BRONSON CONSTRUCTION, INC., D.A. GEORGE AND SONS CONSTRUCTION, INC., GAP DEVELOPMENT, LLC, CURTISS STREET DEVELOPMENT, LLC,<br><br>Defendants. | Case No. 07 C 7104<br><br>Judge Coar<br>Magistrate Judge Ashman |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants Bronson Construction, Inc. ("Bronson"), D.A. George and Sons Construction, Inc. ("George"), GAP Development, LLC ("GAP") and Curtiss Street Development, LLC ("Curtiss") (collectively "Defendants"), by their attorneys, for their Answer and Affirmative Defenses to the Complaint of Plaintiffs CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees (collectively "Plaintiffs" or the "Funds"), state as follows:

**Alter-Ego Audit Refusal**

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 303 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction

is founded on the existence of questions arising thereunder.

**ANSWER:**

  Defendants admit that Plaintiffs purport to bring this action under Section 502 of the Employee Retirement Income Security Act and Section 303 of the Taft-Hartley Act (29 U.S.C. §§ 1132 and 185) and that the Court therefore has subject matter jurisdiction. Defendants deny that Plaintiffs can state a legally sufficient claim against any Defendant under either statute.

  2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:**

  Defendants admit that the Funds have offices and conduct business within this District. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2.

  3. BRONSON CONSTRUCTION, INC. is an employer engaged in an industry affecting commerce which entered into an Agreement with the Carpenters Union whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

**ANSWER:**

  Defendants admit that Bronson entered into an agreement with the Chicago Regional Council of Carpenters under which Bronson agreed to be bound by certain collective bargaining agreements that required fringe benefit contributions to be made to the Funds. Defendants deny any implication that Bronson is delinquent in making any fringe benefit contributions due under the agreement and deny the remaining allegations of Paragraph 3.

Answering further, Defendants state that Bronson was administratively dissolved by the Illinois Secretary of State on August 23, 2007.

    4.    The Agreement and the Collective Bargaining Agreements also bind BRONSON CONSTRUCTION, INC. to the provisions of the Agreement and Declarations of Trust which created the Trust Funds ("Trust Agreements").

**ANSWER:**

Defendants admit that Bronson entered into an agreement with the Chicago Regional Council of Carpenters under which Bronson agreed to be bound by the terms of various Trust Agreements. Defendants deny any implication that Bronson has breached the Trust Agreements in any way and deny the remaining allegations of Paragraph 4. Answering further, Defendants state that Bronson was administratively dissolved by the Illinois Secretary of State on August 23, 2007.

    5.    BRONSON CONSTRUCTION, INC. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by the subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**ANSWER:**

Defendants admit that Bronson entered into an agreement with the Chicago Regional Council of Carpenters under which Bronson agreed to be bound by certain collective bargaining agreements that required fringe benefit contributions to be made to the Funds. Defendants deny any implication that Bronson is delinquent in making any fringe benefit contributions due under the Agreement and deny the remaining allegations of Paragraph 5. Answering further, Defendants state that Bronson was administratively dissolved by the Illinois Secretary of State on August 23, 2007.

    6.    Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, BRONSON CONSTRUCTION, INC. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

3

**ANSWER:**

Defendants admit that Bronson entered into an agreement with the Chicago Regional Council of Carpenters that defined circumstances under which the Funds were entitled to access to certain books and records maintained by Bronson. Defendants deny any implication that Defendants denied the Funds access to any books and records to which they were entitled pursuant to the agreement and deny the remaining allegations of Paragraph 6.

7. The Trust Funds sought to conduct an audit of BRONSON CONSTRUCTION, INC. [sic] books and records for the period July 2006 through the present, but were only able to complete a preliminary audit of the books and records when the auditors discovered possible related companies D.A. GEORGE AND SONS CONSTRUCTION, INC., GAP DEVELOPMENT, LLC, and CURTISS STREET DEVELOPMENT, LLC. A request was made to review the books and records of D.A. GEORGE AND SONS CONSTRUCTION, INC., GAP DEVELOPMENT, LLC, and CURTISS STREET DEVELOPMENT, LLC for the same time period, but the request was denied.

**ANSWER:**

Defendants admit that the Funds made requests to audit the books of George, GAP and Curtiss and that the requests were denied. Defendants deny any implication that these entities or Bronson entered into any agreement with the Chicago Regional Council of Carpenters or with the Funds entitling the Funds to review the books and records of any entity other than Bronson and deny the remaining allegations of Paragraph 7.

8. That D.A. GEORGE & SONS CONSTRUCTION, INC., GAP DEVELOPMENT, LLC, and CURTISS STREET DEVELOPMENT, LLC are related to BRONSON CONSTRUCTION, INC., and performs [sic] bargaining unit work.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to what Plaintiffs mean by "related." Defendants deny the remaining allegations of Paragraph 8.

9. That D.A. GEORGE & SONS CONSTRUCTION, INC., GAP DEVELOPMENT, LLC, and CURTISS STREET DEVELOPMENT, LLC are disguised continuances of BRONSON CONSTRUCTION, INC. and/or participated with BRONSON CONSTRUCTION, INC. in avoiding its Trust Fund obligations.

**ANSWER:**

    Defendants deny the allegations of Paragraph 9.

10.    That D.A. GEORGE & SONS CONSTRUCTION, INC., GAP DEVELOPMENT LLC, and CURTISS STREET DEVELOPMENT, LLC are alter egos of BRONSON CONSTRUCTION, INC. or are bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from D.A. GEORGE AND SONS CONSTRUCTION, INC., GAP DEVELOPMENT LLC, and CURTISS STREET DEVELOPMENT, LLC. to the terms of the Collective Bargaining Agreement and Trust Agreements.

**ANSWER:**

    Defendants deny the allegations of Paragraph 10.

11.    The Defendants breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's [sic] books and records for the period July 2006 through the present after demand for audit was made upon Defendants.

**ANSWER:**

    Defendants deny the allegations of Paragraph 11.

12.    Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

**ANSWER:**

    Defendants deny the allegations of Paragraph 12.

13.    Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:**

    Defendants deny the allegations of Paragraph 13.

14.    Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's [sic] books and records and collect the monies that may be found to be due and owing.

**ANSWER:**

    Defendants deny the allegations of Paragraph 14.

15.    Defendant [sic] is obligated to pay the attorney fees and court costs

incurred by the Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2)(D).

**ANSWER:**

      Defendants deny the allegations of Paragraph 15.

    16.    Pursuant to 29 U.S.C. § 1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

      (a)    double interest; or

      (b)    interest plus liquidated damages.

**ANSWER:**

      Defendants deny the allegations of Paragraph 16.

      WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such other and further relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

      Plaintiffs have failed to plead facts sufficient to show that George, GAP or Curtiss is a disguised continuance of Bronson or participated with Bronson in avoiding any obligation Bronson had to the Funds.

      WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such other and further relief as the Court may deem just and proper.

## SECOND AFFIRMATIVE DEFENSE

      Plaintiffs have failed to plead facts sufficient to show that George, GAP or Curtiss is an alter ego of Bronson or is bound to any collective bargaining agreement to which Bronson was a party under a single or joint employer theory.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such other and further relief as the Court may deem just and proper.

### THIRD AFFIRMATIVE DEFENSE

Neither George, GAP nor Curtiss is a signatory to any writing pursuant to which it is obliged to make fringe benefit contributions or disclose its books and records to Plaintiffs.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such other and further relief as the Court may deem just and proper.

DATED: January 17, 2008

BRONSON CONSTRUCTION, INC., D.A. GEORGE AND SONS CONSTRUCTION, INC., GAP DEVELOPMENT, LLC, and CURTISS DEVELOPMENT, LLC

s/ *Donald J. McNeil*
One of Their Attorneys

Donald J. McNeil, #6193106
Jeremy B. Lewin, #6269242
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313
(312) 759-5646 (FAX)

Bruce F. Mills
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313
(317) 231-7433 (FAX)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Defendants' Answer and Affirmative Defenses was served on this 17th day of January 2008, by electronic filing pursuant to Rule XI of the General Order on Electronic Case Filing upon:

> Raymond James Sanguinetti, Esq.
> Whitfield McGann & Ketterman
> 111 East Wacker Drive
> Suite 2600
> Chicago, Illinois 60601

>> *s/ Donald J. McNeil*

443895v1